IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DOUGLAS LARCOMB,                          *

    Petitioner,                          *

v.                                        *          Civil Action No. GLR-21-2392

J. CHARLES SMITH, III, et al.,            *

    Respondents.                         *

***

**<u>MEMORANDUM OPINION</u>**

THIS MATTER is before the Court on self-represented Petitioner Douglas

Larcomb's Petition for Writ of Habeas Corpus ("Original Petition"), which he filed while

incarcerated at the Frederick County Detention Center on September 17, 2021. (ECF No.

1). Larcomb is now incarcerated at the Maryland Correctional Training Center. (See Notice

of Change of Address, ECF No. 33).[1] Larcomb has also filed numerous other motions,

including Motions for Injunctive Relief (ECF Nos. 17, 19), Motions to Enter into Evidence

(ECF Nos. 18, 20, 32), Motions for Review (ECF Nos. 29, 35), a Motion to Enter into

Evidence and for Injunctive Relief (ECF No. 21), Motions for Injunctive Relief and Review

(ECF Nos. 30−31), and a Motion for Review and to Enter into Evidence (ECF No. 34).

The Petition and Motions are ripe for disposition and no hearing is necessary. See R. Govern.

§ 2254 Cases U.S. Dist. Ct. 8(a); 28 U.S.C. § 2254(e)(2); Local Rule 105.6 (D.Md. 2021);

---

[1] The Clerk shall amend the docket to reflect that William Bohrer, the Warden at the
Maryland Correctional Training Center, is the sole Respondent. See <u>Rumsfeld v. Padilla</u>,
542 U.S. 426, 435 (2004) (holding that the custodian is the proper Respondent for a habeas
corpus petition).

see also Fisher v. Lee, 215 F.3d 438, 455 (4th Cir. 2000) (noting that petitioners are not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons outlined below, the Court will deny the Petition. The Court will further deny the Motions for Injunctive Relief and for Review and grant the Motions to Enter Evidence to the extent they are construed as Replies to Respondent William Bohrer's Limited Answer to Petition for a Writ of Habeas Corpus ("Response"). (ECF No. 16).

## I.      BACKGROUND

Larcomb filed his Original Petition on September 17, 2021 along with a Motion to Proceed in Forma Pauperis. (ECF Nos. 1, 3). At the time, Larcomb was being held without bond in pretrial detention at the Frederick County Detention Center while he awaited trial in four state criminal matters. (Limited Answer Pet. Writ Habeas Corpus ["Resp."], ECF No. 16 at 3; Pet. Writ Habeas Corpus ["Original Pet."], ECF No 1 at 1). Specifically, Larcomb was charged in the Circuit Court for Frederick County and denied bond in the following cases:

- Case No. C-10-CR-21-000112 (Cir.Ct.Md.) (assault), (Ex. State R., ECF No. 16-1 at 1, 112, 150);
- Case No. C-10-CR-21-000148 (Cir.Ct.Md.) (distribution of revenge pornography, (id. at 93−94, 136, 151);
- Case No. C-10-CR-21-00212 (Cir.Ct.Md.) (stalking and violation of protective order), (id. at 87, 155, 156); and
- Case No. C-10-CR-21-00213 (Cir.Ct.Md.) (stalking, violation of protective order, and intimidation), (id. at 75−83, 137, 140, 154).

On September 27, 2021, the Court ordered Larcomb to supplement his Original Petition with additional information (ECF No. 7) and he did so on October 27, 2021 when he filed his Supplement to Petition for Writ of Habeas Corpus ("Habeas Petition") (ECF

No. 8). Bohrer filed his Response on March 14, 2022. (ECF No. 16). Larcomb did not file

a reply, but he filed several other motions, namely: Motions for Injunctive Relief (ECF

Nos. 17, 19, 21, 30−31), Motions to Enter into Evidence (ECF Nos. 18, 20, 21, 32, 34),

and Motions for Review (ECF Nos. 29, 35).

## II.    DISCUSSION

Larcomb alleges that his constitutional rights have been violated because of the

denial of bond review by the Circuit Court for Frederick County. [2] (Supp. Pet. Writ Habeas

Corpus ["Habeas Pet."] at 4, 7, ECF No. 8). He further alleges that 18 U.S.C. § 3142

guarantees him the "right to a fair bail," and that the statute is unconstitutional because he

has not been afforded any such bail. [3] (Habeas Pet. at 7). Larcomb requests that the Court

order his immediate release from confinement and a "large monetary reward in damages."

(Id.).[4] Larcomb additionally requests that the Court "dismantle" the Frederick County

---

[2] Larcomb also alleges he has been denied medical care. He was previously advised that claims regarding the conditions of his confinement, including medical care, should be brought in a separate civil rights action under 42 U.S.C. § 1983. (Order at 1, ECF No. 7). Larcomb later filed Larcomb v. Smith, et al., No. GLR-21-2759 (D.Md.), raising § 1983 claims regarding the denial of medical care. As such, Larcomb's medical care claims will not be considered here and his Motions for Review (ECF Nos. 29, 35) regarding a missed medical appointment and alleged denial of medical care will be denied.

[3] Larcomb's contention that he is being held in violation of 18 U.S.C. § 3142 (Habeas Pet. at 7) is meritless. Larcomb is not being held under, or in violation of, Title 18 of the United States Code because the statute concerns only federal criminal proceedings. See United States ex rel. Thomas v. New Jersey, 472 F.2d 735, 741 (3d Cir. 1973) ("The standards for release and for bail set forth in 18 U.S.C. §§ 3141−3152 and Rule 46, Fed. R. Crim. P., and the cases construing these provisions, are irrelevant to the release by federal courts of state prisoners. They deal with federal criminal proceedings only.").

[4] It is well-settled law that "damages are not available in federal habeas corpus proceedings." Preiser v. Rodriguez, 411 U.S. 475, 493 (1973). Accordingly, this Court has no power to award damages to Larcomb.

State's Attorney's Office, which may be a request for mandamus relief. (Original Pet. at 13). Bohrer responds that Larcomb is a pretrial detainee who has not exhausted his state remedies, and thus he is not entitled to habeas relief. (Resp. at 37). Further, Bohrer argues that this Court should abstain from interfering in pending state matters because of the Younger doctrine. (Id. at 40).

As a preliminary matter, the Court will assess this Habeas Petition under 28 U.S.C. § 2241 because Larcomb remains in pretrial custody and no state court judgments have been rendered against him. Compare 28 U.S.C. § 2241(c)(3) (providing relief where petitioner "is in custody in violation of the Constitution or laws or treaties of the United States), with 28 U.S.C. § 2254 (providing relief on "behalf of a person in custody pursuant to the judgment of a State court"). Pretrial federal habeas relief is available under § 2241 only if the petitioner has exhausted all alternative remedies or exceptional circumstances exist that justify intervention by the federal court. See Timms v. Johns, 627 F.3d 525, 530–31 (4th Cir. 2010) ("As a general rule, in the absence of exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent, courts require exhaustion of alternative remedies before a prisoner can seek federal habeas relief.") (citing Bowen v. Johnston, 306 U.S. 19, 27 (1939)) (cleaned up). It is exceedingly rare for a federal court to grant such relief. U.S. ex rel. Murphy v. Murphy, 108 F.2d 861, 862 (2d Cir. 1940) ("The district court had undoubted jurisdiction to entertain the writ, but the situations in which it is proper to exercise it are so rare that the effort almost never succeeds.").

**A.**      **Exhaustion of Remedies**

Without reaching the merits of the Habeas Petition, the Court finds that it must be dismissed because Larcomb has not exhausted the state court remedies available to him. See Timms, 627 F.3d 525, 531 (finding that petitioner should have exhausted his alternative remedies in the commitment action before availing himself of § 2241 habeas review); Rose v. Lundy, 455 U.S. 509, 521−22 (1982) (explaining the importance of exhausting state court remedies before seeking federal review of habeas petition); see also Rules Governing § 2254 Cases, Rule 1(b), 28 U.S.C. foll. § 2254 (stating that a district court may apply the rules, including exhaustion, to a habeas corpus petition not filed under § 2254). Thus, Larcomb had to pursue remedies available in state court before filing his Habeas Petition.

Exhaustion is established when both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. See Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000). Further, in the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial on the merits or by other state procedures available for review of the claim. See Braden v. 30th Jud. Cir. Ct., 410 U.S. 484, 489−90 (1973). In Maryland, "[a] judge of the circuit court for a county, of the Court of Special Appeals, or of the Court of Appeals has the power to grant the writ of habeas corpus and exercise jurisdiction in all matters pertaining to habeas corpus." Md. Code Ann., Cts. & Jud. Proc. § 3-701.

Here, disposition of Larcomb's criminal cases had not taken place at the time of filing, nor had Larcomb appealed any final disposition related to those matters. (See Ex.

State R.). Further, Larcomb has not filed petitions for habeas corpus in state court. (Id.).

Accordingly, the Habeas Petition must be dismissed without prejudice because he failed to

exhaust state court remedies.

**B.      Exceptional Circumstances**

When a petitioner in state pretrial custody has not exhausted alternative remedies,

no federal habeas petition review can occur absent exceptional circumstances. See Timms,

627 F.3d at 530–31. As explained above, such circumstances are rare. For example, federal

courts have justified pretrial federal habeas intervention when the district court must act

immediately to avoid a Fifth Amendment violation. See Drayton v. Hayes, 589 F. 2d 117,

120–21 (2d Cir. 1979) (finding that a double jeopardy claim justified pretrial federal habeas

intervention because the constitutional right claimed would be violated if petitioner went

to trial).

Here, there are no exceptional circumstances that would allow the Court to review

the Habeas Petition. Larcomb's claims may be litigated in state court without harm to the

constitutional rights asserted. Accordingly, the Habeas Petition will also be dismissed on

this basis.

**C.      Younger Abstention**

Moreover, the Younger abstention doctrine:

> [R]equires a federal court to abstain from interfering in state
> proceedings, even if jurisdiction exists," if there is: "(1) an
> ongoing state judicial proceeding, instituted prior to any
> substantial progress in the federal proceeding; that (2)
> implicates important, substantial, or vital state interests; and
> (3) provides an adequate opportunity for the plaintiff to raise
> the federal constitutional claim advanced in the federal lawsuit.

Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 165 (4th Cir. 2008). "Younger is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." Nivens v. Gilchrest, 444 F.3d 237, 247 (4th Cir. 2006). "Circumstances fitting within the Younger doctrine . . . include . . . 'state criminal prosecutions,' 'civil enforcement proceedings,' and 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 73 (2013) (quoting New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 367−68 (1989)).

Here, Larcomb is a defendant in four ongoing state criminal prosecutions. Accordingly, this Court must abstain and dismiss Larcomb's Habeas Petition without prejudice.

D.      **Mandamus Relief and Jurisdiction**

Further, to the extent Larcomb seeks mandamus relief, this Court lacks jurisdiction to grant such relief. Under 28 U.S.C. § 1361, the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, federal district courts have no mandamus jurisdiction over State employees. Gurley v. Superior Ct. of Mecklenburg Cty., 411 F.2d 586, 587 (4th Cir. 1969). Additionally, a writ of mandamus is an extraordinary writ that is only available in cases where there is no other means by which the relief sought could be granted. In re Beard, 811 F.2d 818, 826 (4th

Cir. 1987). As explained above, Maryland state courts have the power to grant the relief Larcomb seeks, and therefore he is not entitled to mandamus relief.

**E.    Motions for Injunctive Relief**

Lastly, Larcomb's Motions for Injunctive Relief (ECF Nos. 17, 19, 21, 30, and 31) are denied. The Motions for Injunctive Relief are largely duplicative of the Habeas Petition. In these Motions, Larcomb makes accusations regarding his underlying criminal cases and the actions of the judges and prosecutors (see, e.g., Mot. Inj. Relief, ECF No. 17, at 1), requests immediate release from confinement (see, e.g., id. at 11−12), and asks the Court to order Bohrer to show cause as to why Larcomb has not received medical treatment (see, e.g., id. at 23). To the extent that Larcomb requests release from state prison, the Motions for Injunctive Relief are construed as supplements to the Habeas Petition, and they are denied for the same reasons set forth above. To the extent that the Motions for Injunctive Relief request relief related to Larcomb's medical care, the Motions are denied because those claims must be brought in Larcomb's separate civil action.

**F.    Certificate of Appealability**

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." Buck v. Davis, 137 S.Ct. 759, 773 (2017) (quoting 28 U.S.C. § 2253(c)(2)). Larcomb "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," see Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented are adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Because this Court finds that there has been no substantial showing of the

denial of a constitutional right, the Court will not issue a certificate of appealability. See

28 U.S.C. § 2253(c)(2). Larcomb may still request that the United States Court of Appeals

for the Fourth Circuit issue such a certificate. See Lyons v. Lee, 316 F.3d 528, 532 (4th

Cir. 2003) (considering whether to grant a certificate of appealability after the district court

declined to issue one). When a district court denies a habeas petition on procedural

grounds, the Court of Appeals will issue a certificate of appealability if reasonable jurists

"would find it debatable whether the petition states a valid claim of the denial of a

constitutional right" and "whether the district court was correct in its procedural ruling."

Slack v. McDaniel, 529 U.S. 473, 474 (2000).

### III.   CONCLUSION

For the foregoing reasons, Larcomb's Original Petition and Habeas Petition will be

dismissed without prejudice. (ECF No. 1, 8). The Court will further deny the Motions for

Injunctive Relief (ECF Nos. 17, 19), for Review (ECF Nos. 29, 35), and for Injunctive

Relief and Review (ECF Nos. 30−31). The Court will further grant the Motions to Enter

Evidence (ECF Nos. 18, 20, 32) to the extent they are construed as Replies to Bohrer's

Response. The Court will further grant in part and deny in part the Motion to Enter into

Evidence and for Injunctive Relief (ECF No. 21) and the Motion for Review and to Enter

into Evidence (ECF No. 34). Those Motions will be denied to the extent they seek review

or injunctive relief, and the Motions will be granted to the extent they seek to enter evidence

as a Reply to Bohrer's Response. A separate Order follows.

Entered this 18th day of October, 2022.

                                           _____/s/_____
                                             George L. Russell, III
                                             United States District Judge